**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 99-60686
(Summary Calendar)

BRYANT E. GREEN,

Plaintiff-Appellant,

versus

WILLIAM B. MOORE, ET AL

Defendants

WILLIAM B. MOORE, doing business as Moore insurance Agency

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
(5:99-CV-6-BrS)

July 5, 2000

Before HIGGINBOTHAM, DEMOSS, and STEWART, Circuit Judges

PER CURIAM:[*]

This case arises from the alleged bad faith denial of insurance claims submitted by the

plaintiff Bryant E. Green ("Green") under an automotive policy issued by Metropolitan Property &

Casualty Insurance Co. ("Metropolitan"), through its agent broker William B. Moore, doing business

as Moore Insurance Agency ("Moore").

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

1

FACTS AND PROCEEDINGS

Green visited Moore's office and asked to insure two vehicles on an identical policy to one he currently had with another insurer, which he believed was experiencing financial problems. He procured the policy from Moore, and shortly thereafter Green's wife was involved in a single vehicle accident causing bodily and property damage. Green filed a claim under the new policy. Metropolitan did not initially honor the claim and argued that Green made material misrepresentations in the insurance application. However, Metropolitan subsequently tendered payment on Green's claim.

Green filed suit in Mississippi state court for alleged tortious breach of contract, breach of fiduciary duty and fraud in the inducement. Metropolitan and Moore removed the action to the United States District Court for the Eastern District of Mississippi pursuant to 28 U.S.C. §§ 1441 and §1446. Green and Moore are Mississippi residents and Metropolitan is a corporation with its principal place of business in Rhode Island. The defendants argued that Green fraudulently joined Moore to defeat diversity jurisdiction. Green filed a motion to remand to state court on February 10, 1999 and argued that Moore was not fraudulently joined because a valid claim was stated against him.

The district court issued a "Memorandum Opinion and Order" finding that any damages sought must be sought from Metropolitan, and denied Green's motion for remand (as well as denying Green's motion for costs and defendants' motion to strike Green's affidavit.) Further, it ordered the claims against Moore dismissed. Nothing in the "Memorandum Opinion and Order" mentioned that the instant document constituted a final judgment or alluded to Fed.Rules Civ.Proc.Rule 54(b).

DISCUSSION

As a threshold matter, we must discern whether the district court's judgment was final, and thus whether we have jurisdiction to hear this appeal. This court is one of limited jurisdiction and may only hear appeals over which it has been granted jurisdiction by statute. *See Briargrove Shopping Center Joint Venture v. Pilgrim Enterprises, Inc.*, 170 F.3d 536, 538 (5th Cir. 1999). Here we must consider whether the district court has certified its judgment for appeal under Rule 54(b) so

2

that we have authority to hear an appeal from a decision that "adjudicates fewer than all the claims." Fed.R.Civ.P. 54(b).

Both the text of Rule 54(b) and the Supreme Court have made it clear that when a district court decides whether to certify a judgment under Rule 54(b) two determinations must be made. First, the district court must determine that "it is dealing with a 'final judgment[,]" that is whether "[i]t is an ultimate disposition of an individual claim entered in the course of a multiple claims action." Second the district court must determine whether any just reason for delay exists. According to the text of Rule 54, this determination must be made expressly. *See Id.* at 539 (quoting *Curtiss-Wright Copr. v. General Electric Co.*, 446 U.S. 1, 7-8 (1980). Our circuit however, has interpreted the language of the rule broadly. *See Briargrove*, 170 F.3d at 539 ("Our court has, however, placed a gloss on the language of Rule 54(b).") We have said that a district court's judgment meets the requirements of the rule:

> If the language in the order appealed from, either independently or together with related portions of the record referred to in [the] order, reflects the district court's unmistakable intent to enter a partial final judgment under Rule 54 (b), nothing else is required to make the order appealable.... Counsel should know that the district court has entered a partial final judgment when the order alone or the order together with the motion or some other portion of the record referred to in the order contains clear language reflecting the court's intent to enter the judgment under Rule 54(b).

*Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220 (5th Cir. 1990)(en banc).

Relying on *Kelly,* Green contends that the Memorandum and Order of the lower court was a partial final judgment which is directly appealable pursuant to 28 U.S.C. § 1291 and Rule 54(b), despite the fact that the district court nowhere mentioned in the Memorandum and Order that it was intended to be a final judgment nor that it was immediately appealable under Rule 54(b). Green argues that although the language in the court's order does not contain the words final and appealable, it is clear from the court's opinion and references to the record that the district court intended its ruling to be final in regard the appellee Moore.

We agree with Green that by dismissing Moore because of Mississippi insurance law's prohibition against holding an agent broker individually liable without a finding of negligent procurement; the district court essentially disposed "of an individual claim entered in the course of a multiple claims action." However, a close look at *Kelly* reveals that the "Memorandum Opinion and Order" in this case does not rise to the level of displaying "unmistakable intent" to enter final judgment, as the order appealed in *Kelly* did. *Id.* at 1220; *supra Briargrove,* 170 F.3d at 539. The order at issue in *Kelly* was entitled "F.R.C.P. 54(b) JUDGMENT" and was issued after the judge directed the defendant "to prepare and submit 54(b) judgment to the Court." *Kelly,* at 1219. It directed "that there be final judgment entered pursuant to Federal Rule of Civil Procedure 54(b)...." Although on rehearing en banc the court held that the "order disposing of less than all of the claims in a case may be directly appealable as a partial final judgment, notwithstanding the trial judge's failure to mechanically recite that 'No just reason for delay' [existed][]" a showing of unmistakable intent to enter final judgment must be demonstrated. *Kelly*, 908 F.2d at 1218.

In *Ackerman v. Federal Deposit Insurance Corp.*, 973 F.2d 1221 (5th Cir 1992), this court found that a district court satisfied the requirements for entry of final, appealable, partial judgment, where it recited the words "final judgment" twice in its order, and its order was in response to motion for entry of final judgment under Rule 54(b). The court also found it was not required additionally to recite the words "no just reason for delay" in order to certify the judgment as final.

From these cases we conclude that in the instant circumstance, the district court's failure to mention that no just reason for delay existed, is not fatal to the viability of Green's appeal. Most important to our inquiry is *Kelly's* holding that "unmistakable intent" to enter final judgment in accordance with Rule 54(b) be satisfied. In this case there is no mention at all of Rule 54(b) anywhere in the order entitled "Memorandum Opinion and Order". Although this court has noted that "the mere act of labeling an order as 'Final Judgment' is insufficient evidence that the district court intended to certify the order under Rule 54(b)" what is required is a showing of unmistakable intent to enter the judgment under Rule 54(b).

4

After the "Memorandum Opinion and Order" was rendered Green made a subsequent motion for "Modification of Order and for Stay of Proceedings Pending Appeal" in which he requested that the court modify its order to meet the criteria of Rule 54(b). A few days later, he filed notice of appeal to this court, in a sense-- jumping the gun. From this, we can only glean that even Green was initially aware that the Memorandum Order did not meet the requirements of Rule 54(b), and in realizing such he filed a motion asking the district court to render partial final judgment consistent with the rule.

We find that the order does not "contain clear language reflecting the court's intent to enter judgment under Rule 54(b)." *Kelly,* 908 F.2d at 1218. Hence, we dismiss Green's appeal for lack of jurisdiction. Once the district court makes an unmistakable showing of intent to enter partial final judgment under Rule 54(b), Green may appeal.

DISMISSED FOR LACK OF JURISDICTION