IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30258
Conference Calendar

_____


JAMES TAYLOR,

                                              Plaintiff-Appellant,

versus

CITY OF WINNFIELD ET AL.,

                                              Defendants,

JOHN DOE, Jailors of City of Winnfield,

                                              Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-1828
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

This court's jurisdiction is limited to appeals from final
decisions, pursuant to 28 U.S.C. § 1291; interlocutory orders,
pursuant to 28 U.S.C. § 1292; "nonfinal judgments certified as
final," pursuant to Fed. R. Civ. P. 54(b); and "some other
nonfinal order or judgment to which an exception applies."
Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enterprises,
Inc., 170 F.3d 536, 538 (5th Cir. 1999).  James Taylor argues

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that the district court's February 15 judgment is appealable pursuant to Rule 54(b), although the district court did not certify the judgment pursuant to the rule.

The relevant provision of Rule 54(b) states the following:

> [W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

If the language in the order from which the appeal is taken "either independently or together with related portions of the record referred to in the order, reflects the district court's unmistakable intent to enter a partial final judgment under Rule 54(b), nothing else is required to make the order appealable." Kelly v. Lee's Old Fashioned Hamburgers, Inc., 908 F.2d 1218, 1220 (5th Cir. 1990) (en banc). This court assumes that district court judges know the rule's requirements. Id. at 1221.

Review of the Rule 12(b)(6) motion, the court's memorandum ruling, and its February 15 order fails to reveal an unmistakable intent by the district court to enter a partial final judgment pursuant to Rule 54(b). Taylor does not assert that the court's order may be appealable as an interlocutory order or pursuant to the collateral order doctrine, and no exception to the requirement of a final decision applies in this case.

Because nothing in the record indicates the district court's intent to certify under Rule 54(b) its order of dismissal as to all claims against John Doe as being immediately appealable, this court lacks jurisdiction to consider the merits of this appeal. See Briargrove Shopping Ctr. Joint Venture, 170 F.3d at 541.

Accordingly, the appeal is DISMISSED for want of appellate jurisdiction.

APPEAL DISMISSED.