**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 00-31040
Summary Calendar
_____

CORY DALTON COCHRAN,

Plaintiff-Appellant,

VERSUS

B J SERVICES, ET AL,

Defendants.

_____

DRILLMARK CONSULTING INC; NABORS DRILLING USA, INC

Defendants-Appellants,

VERSUS

MID-CONTINENT CASUALTY COMPANY

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Western District of Louisiana, Alexandria
USDC No. 98-CV-122
_____

April 27, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except

Appellant Cory Dalton Cochran filed suit in Louisiana state court alleging, *inter alia,* negligence and breach of contractual obligations on the part of the defendants Drillmark Consulting, Inc. and Nabors Drilling, USA, Inc., and that Mid-Continent Casualty Company issued Drillmark a policy of insurance that provided coverage to Drillmark for its resulting liability. Defendants removed this action to federal court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. The district court granted summary judgment, dismissing with prejudice all claims against Mid-Continent on August 9, 2000. The district court did not dispose of the claims against the other defendants. Cochran, Drillmark and Nabors each appealed.

The district court has not rendered a final decision nor entered a final judgment in this action. 28 U.S.C. § 1291. When an action involves multiple parties, any decision that adjudicates the liability of fewer than all of the parties does not terminate the action and is therefore not appealable unless certified by the district judge under Federal Rule of Civil Procedure 54(b). The language in the order appealed from, either independently or together with related portions of the record referred to in the order, must reflect the district court's unmistakable intent to enter a partial final judgment under Rule 54(b). *Briargrove Shopping Center v. Pilgrim Enterprises*, *Inc.,* 170 F.3d 536, 539 (5th Cir. 1999). Neither the Memorandum Opinion nor the Judgment,

under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

either separately or taken together, exhibits any intent to enter a partial final judgment under Rule 54(b).  Further the order appealed from does not fall within any of the exceptions for immediately appealable interlocutory decisions under 28 U.S.C. § 1292(a) and (b).  We therefore lack jurisdiction to hear this matter and must dismiss it.

APPEAL DISMISSED.