IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30254
Summary Calendar

_____

ZANDRA ROYSTER,

                    Plaintiff-Appellee-Cross-Appellant,

versus

JOSEPH W. JOHNSON, Etc.; ET AL.,

                    Defendants,

CITY OF SHREVEPORT; JESSIE J. ROBERTS, individually and in his
official capacity as Supervisor with the Shreveport Police
Department; KARL W. COPE, individually and in his official
capacity as senior supervisor of the Communications Department of
the Shreveport Police Department; CARTER L. SHAW, individually
and in his official capacity as a patrol officer with Shreveport
Police Department; TERESA A. BELL, individually and in her
official capacity as a patrol officer with Shreveport Police
Department; JAN JONES, individually and in her official capacity
as supervisor in the Communications Department of Shreveport
Police Department; SANDY RAINER, individually and in his official
capacity as a senior supervisor in the Communications Department
of Shreveport Police Department,

                    Defendants-Appellants-Cross-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-2155
--------------------
October 29, 2002
Before GARWOOD, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:*

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.

The City of Shreveport ("the City"), Sandy Rainer, and Karl Cope appeal the district court's partial denial of their motion for summary judgment, which sought the dismissal of Zandra Royster's employment claims brought pursuant to 42 U.S.C. § 1983. The individual officer defendants argue that the district court erred in denying them qualified immunity because Royster failed to allege a discriminatory motive for their actions.

This court reviews de novo the denial of a public official's motion for summary judgment predicated on qualified immunity. Southard v. Texas Bd. of Criminal Justice, 114 F.3d 539, 548 (5th Cir. 1997). Determining whether a public official is entitled to qualified immunity from liability under § 1983 involves a two-step analysis. First, if the official's conduct did not violate a clearly established constitutional right, the official is entitled to qualified immunity. Id. at 550. Second, even if the official's conduct violated a clearly established constitutional right, the official is nonetheless entitled to qualified immunity if his conduct was objectively reasonable. Id.

A review of the record reveals that Royster did not allege that the defendants' actions violated a clearly established constitutional right. See id. Accordingly, the individual officer defendants are entitled to qualified immunity. Id. To the extent that Royster urges a new basis for her employment

R. 47.5.4.

claims on appeal, this court will not consider her allegations. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). For the foregoing reasons, the district court's order denying the individual officers' motion for summary judgment on the basis of qualified immunity is VACATED and the matter is REMANDED to the district court.

Royster filed a notice of her intent to cross-appeal the district court's grant of partial summary judgment on her false imprisonment claims. However, this court does not have jurisdiction over her appeal. See Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enter., Inc., 170 F.3d 536, 538 (5th Cir. 1999). Additionally, in light of the disposition of this case, this court declines to exercise pendent appellate jurisdiction over the City's claims.

VACATED AND REMANDED; APPEAL DISMISSED; AND CROSS-APPEAL DISMISSED.