United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 03-30222
Summary Calendar

—————————————

E. DALE WILLIS,

Plaintiff-Counter Defendant-
Appellant,

versus

INTERNATIONAL PAPER CO.,

Defendant-Counter Claimant-
Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-115
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

E. Dale Willis appeals from the district court's judgment granting summary judgment to International Paper Company ("IP") in his wrongful termination suit. IP argues that we lack appellate jurisdiction.

This court has the authority to hear appeals only from "final decisions" under 28 U.S.C. § 1291, interlocutory decisions under 28 U.S.C. § 1292, nonfinal judgments certified as final

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under FED. R. CIV. P. 54(b), or some other nonfinal orders or judgments to which an exception applies. See Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc., 170 F.3d 536, 538 (5th Cir. 1999). The district court's judgment granted summary judgment to IP on Willis's wrongful termination claim and also granted summary judgment as to liability on IP's counterclaim. The district court's judgment, which concurred with the magistrate judge's report, left unadjudicated the issue of IP's damages. Thus, the judgment was not final. See Meadowbriar Home for Children, Inc. v. G.B. Gunn, 81 F.3d 521, 528 (5th Cir. 1996) ("[A] judgment is not final until both liability and damages are determined.").

The district court did not certify the judgment for immediate appeal pursuant to FED. R. CIV. P. 54(b), and we discern no exception to the rule of finality applicable to the judgment. We therefor lack appellate jurisdiction to hear the appeal, and the appeal is DISMISSED. Willis's motion to file his reply brief out-of-time is DENIED.

APPEAL DISMISSED. MOTION DENIED.