# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 5, 2009

No. 08-30684
Summary Calendar

Charles R. Fulbruge III
Clerk

HILDA SOLIS, SECRETARY, DEPARTMENT OF LABOR

Plaintiff-Appellee

v.

HOOGLANDS NURSERY LLC; MICHAEL HOOGLAND

Defendants-Appellants

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:07-cv-533

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

The Department of Labor sued Hooglands Nursery, its president Michael Hoogland, and its owner Fredric Hoogland (collectively "Defendants"), alleging violations of the overtime and recordkeeping provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. The Department later moved for summary judgment against Defendants, asserting that (1) Defendants are each "employers" under the FLSA and thus individually liable for any FLSA

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violations, (2) Defendants violated various provisions of the FLSA, (3) the Department is entitled to liquidated damages, and (4) Defendants should be enjoined from committing any future violations of the FLSA. In response, Defendants conceded that both Hooglands Nursery and Michael Hoogland were "employers" under the FLSA but argued that Fredric Hoogland was not. Defendants contested all other issues.

The district court granted the Department's motion in part and entered judgment against Hooglands Nursery and Michael Hoogland. The district court denied the Department's motion only to the extent that it sought to have Fredric Hoogland declared an "employer" under the FLSA. After entering judgment, the district court closed the case. Hooglands Nursery and Michael Hoogland filed a notice of appeal, and we asked the parties to address whether the district court's order is a final order under 28 U.S.C. § 1291 over which we have jurisdiction. Although they initially appealed, Hoogland Nursery and Michael Hoogland now assert that we lack jurisdiction because the district court did not resolve the Department's claims against Fredric Hoogland.

In its order addressing the Department's motion for summary judgment, the district court stated as follows:

> Defendant Fredric owns 98% of the nursery and is an owner/manager. However, Fredric testified that he has no authority regarding company policies. He testified that Michael totally operates the nursery. He admits that he has the authority to hire employees and make changes to employee pay, but claims that he has not exercised this authority. Fredric has no dealings with the office or bookkeeping and has no responsibilities in regard to the business. He has not been involved in the employment of the company's workers and does not know what payroll records are kept. Under these facts and circumstances, the Court finds that Fredric lacked sufficient operational control to constitute an employer under the FLSA.

The district court's judgment only mentions Fredric Hoogland in a sentence

denying the Department's motion "to the extent it seeks to have Fredric Hoogland deemed an 'employer' under the FLSA."

The Department contends that the district court's order is final, as it resolved all rights and liabilities of the present parties. According to the Department, the district court "essentially" found—on undisputed facts—that Fredric Hoogland was not an "employer" under the FLSA and thus cannot be liable for the alleged violations. The Department thus suggests that the district court effectively decided the claims against Fredric Hoogland and asks this court not to dismiss the appeal.

The district court's order (along with its closing the case) certainly implies the resolution of all the Department's claims against Defendants, and the lack of a judgment resolving the claims against Fredric Hoogland was perhaps a mere oversight. Yet, as the Department concedes, the district court did not explicitly dismiss the claims against Fredric Hoogland. Fredric Hoogland did not file a cross-motion for summary judgment nor did he request that the case against him be dismissed, and the district court did not grant summary judgment *sua sponte* against the Department on this issue. Instead, the district court merely denied the Department summary judgment regarding Fredric Hoogland. Thus, the Department's claim against Fredric Hoogland has not been finally resolved. Without a judgment dismissing (or otherwise addressing) the Department's claims against Fredric Hoogland, the district court's decision is not final under § 1291. Moreover, this case presents no ground for reviewing a nonfinal order. We therefore lack jurisdiction over this appeal. *See generally Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 538–41 (5th Cir. 1999).

DISMISSED.