# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20380

PATRICK WAYNE BELL,

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2015

Lyle W. Cayce
Clerk

Plaintiff–Appellant

v.

FAUSTO AVILA, Officially and Individually; GWENDOLYN CRAWFORD, Officially and Individually; EUGENE FONTENOT, JR., Officially and Individually; JOSEPH M. CURRY, Officially and Individually; LISA D. VATANI; ELTON S. SIMS, Officially and Individually; SHEILA E. TORRES, Officially and Individually; SAMMIE HUBBARD, Officially and Individually; MARCUS N. CHILDRESS, Officially and Individually; JOHN D. SEIGLE, Officially and Individually; FRANK SZYMCZAK, Officially and Individually; ROBERT D. HERRERA, Officially and Individually; CAREY S. STAPLES, Officially and Individually; DAVID M. RICE, Officially and Individually; RICK THALER, Officially and Individually; DAVID L. CALLENDER, Officially and Individually; TEXAS DEPARTMENT OF CRIMINAL JUSTICE; UNIVERSITY OF TEXAS MEDICAL BRANCH; REAGAN DUNCAN, Regional Supervisor for Access to Courts of the Texas Department of Corrections; VICKIE BARROW, Assistance Program Administrator,

Defendants–Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-4238

Before DENNIS, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Patrick Wayne Bell, Texas prisoner # 1190375, filed a pro se civil rights complaint against numerous defendants, including "Unknown Dr. on 7-15-11." The district court granted Bell's later motion to identify Lisa D. Vatani and to substitute her name for that of the previously unknown doctor. The district court's docket does not reflect that Vatani filed an answer or otherwise responded to Bell's complaint, as ordered by the district court.

The district court granted a motion for summary judgment filed on behalf of seventeen of the original defendants, but not Vatani, and dismissed those seventeen defendants. The court granted Bell's motion to amend his complaint solely to add claims against two additional defendants, and the court later granted those defendants' motion to dismiss. It entered a "final judgment" dismissing the case with prejudice for the reasons set forth in its orders granting the motion to dismiss and granting the motion for summary judgment, leaving Bell's claims against Vatani unresolved. Bell has filed a notice of appeal.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) (per curiam). Bell's claims against Vatani remain pending in the district court. We therefore lack jurisdiction over Bell's appeal. *See* 28 U.S.C. §§ 1291, 1292(a),(b); Fed. R. Civ. P. 54(b); *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010); *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 538–41 (5th Cir. 1999).[1]

Accordingly, the appeal is DISMISSED for lack of jurisdiction.

---

[1] Bell may seek relief from the district court's judgment under Federal Rule of Civil Procedure 60(b)(1) by filing the appropriate motion with the district court.