# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30024

United States Court of Appeals
Fifth Circuit

**FILED**

September 23, 2015

Lyle W. Cayce
Clerk

ROBERT FRANKLIN BRUCE,

Plaintiff-Appellant

v.

TERRY TERRELL; GEO CORPORATION; N/P HARMON; ANGELA EASON; TINA MESSNER; SERGEANT MCCALLON; NURSE DODDIN; NURSE GRANGER,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:13-CV-2779

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:*

Robert Franklin Bruce, Louisiana prisoner # 397176, appeals the district court's dismissal of some, but not all, of the claims set forth in his 42 U.S.C. § 1983 suit. He moves for leave to proceed in forma pauperis (IFP) following the district court's certification that the appeal was not taken in good faith.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30024

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Our jurisdiction is limited to appeals from "final decisions of the district courts." 28 U.S.C. § 1291. Under Federal Rule of Civil Procedure 54(b), a decision, however designated, that adjudicates fewer than all the claims may be considered on appeal only if the district court expressly determines that there is no just reason for delay and expressly directs entry of a final judgment. A district court satisfies the requirements for entering an order of final judgment under Rule 54(b) "[i]f the language in the order appealed from, either independently or together with related portions of the record referred to in the order, reflects the district court's unmistakable intent to enter a partial final judgment under Rule 54(b) . . . ." *Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220 (5th Cir. 1990) (en banc); *see also Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enter., Inc.*, 170 F.3d 536, 538-41 (5th Cir. 1999) (dismissing appeal for lack of jurisdiction, despite that order appealed from was labeled final judgment, when nothing in record indicated district court's intention to certify judgment as appealable under Rule 54(b)).

Neither the dismissal nor anything else in the record indicates that the district court intended to issue a partial final judgment under Rule 54(b). *See id.* Accordingly, this court is without jurisdiction, the appeal is DISMISSED, and the IFP motion is DENIED.