# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 24, 2021

Lyle W. Cayce
Clerk

No. 19-10158

Reidie Jackson, *also known as* Reidie James Jackson,

*Plaintiff—Appellant*,

*versus*

Ray Cruz, Captain of Correctional Officers; Chad Perry, Lieutenant of Correctional Officers; Diana McBroom, Correctional Officer V; Joshua Poyner, Correctional Officer III; John Doe, Correctional Officer; Deloris Carrizales, LVN,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:18-CV-78

Before King, Smith, and Haynes, *Circuit Judges*.

Per Curiam:*

Proceeding pro se, Reidie Jackson, Texas prisoner # 1164177, appeals the district court's dismissal without prejudice of his 42 U.S.C. § 1983

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-10158

complaint, which, ultimately, was related to only five of the six defendants in this case under 28 U.S.C. § 1915(g).

Jackson sought to sue six employees of the Texas Department of Criminal Justice under § 1983. Because Jackson had accumulated three strikes under § 1915(g), such that his complaint would ordinarily be barred, he moved to proceed under § 1915(g)'s "imminent danger" exception. He also moved to proceed *in forma pauperis* ("IFP"). A magistrate judge recommended that both of those motions be denied, concluding that Jackson's allegations did not support a finding of imminent danger. The district court adopted the magistrate judge's findings and recommendations in full and dismissed Jackson's civil rights suit without prejudice under § 1915(g) (collectively, the "2019 Order and Judgment").

Jackson filed a post-judgment motion in the district court objecting to the 2019 Order and Judgment. Before the district court ruled on that motion, Jackson filed a notice of appeal of the 2019 Order and Judgment to our court and moved to proceed IFP on appeal. Construing the post-judgment motion as a Federal Rule of Civil Procedure 59(e) motion that made Jackson's appeal premature, we remanded for the limited purposes of allowing the district court to rule on Jackson's pending post-judgment and IFP motions, holding Jackson's appeal in abeyance until those motions were resolved.

On remand, the district court granted Jackson's Rule 59(e) motion in part (the "2020 Order"). It withdrew the 2019 Order and Judgment in part, vacated it in part, and granted Jackson permission to proceed IFP with respect to Jackson's claim against one defendant. As to the remaining five defendants, the district court denied Jackson's Rule 59(e) motion, holding that the 2019 Order and Judgment "remain in effect against [those] defendants."

No. 19-10158

Because the appeal is no longer in abeyance, we now consider Jackson's appeal of the 2019 Order and Judgment,[1] which, has changed following the district court's 2020 Order, because only five of the six defendants have been dismissed. *See Burt v. Ware*, 14 F.3d 256, 260 (5th Cir. 1994) (per curiam) (holding that a premature notice of appeal filed before a district court rules on a post-judgment motion becomes effective when the district court disposes of that motion (citing FED. R. APP. P. 4(a)(4))); *see also* FED. R. APP. P. 4(a)(4) advisory committee's note to 1993 amendment (stating that an additional notice of appeal is not needed when the appellant still plans to pursue the appeal of a judgment that was altered after a post-judgment motion was granted in part).

We cannot reach the merits of an appeal unless we have jurisdiction, so we must first make that determination. *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010). Our jurisdiction is generally limited to "final decisions" by district courts that dispose of all parties and all claims with exceptions not relevant here.[2] *See Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 538–39 (5th Cir. 1999) (quoting 28 U.S.C. § 1291). As the 2019 Order and Judgment now disposes of only five of the six defendants, it is not, on its face, a final judgment. Therefore, whether we have jurisdiction over the 2019 Order and Judgment depends on whether the district court certified that nonfinal judgment as final under Federal Rule of Civil Procedure 54(b). *Briargrove*, 170 F.3d at 539.

---

[1] It is unclear whether Jackson is also appealing the district court's 2020 Order. To the extent that he is, we lack jurisdiction over the 2020 Order because Jackson failed to file an amended or new notice of appeal with respect to that order. FED. R. APP. P. 4(a)(4)(B)(ii); *Fiess v. State Farm Lloyds*, 392 F.3d 802, 806–07 (5th Cir. 2004).

[2] For example, we have jurisdiction over interlocutory decisions under 28 U.S.C. § 1292, as well as over some other nonfinal orders and judgments, *see Briargrove*, 170 F.3d at 538 & n.3, but none of those exceptions to the final-judgment rule are applicable here.

No. 19-10158

Under that rule a district court may "direct entry of a final judgment as to one or more, but fewer than all, claims or parties" upon an "express[] determin[ation] that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see Williams v. Taylor Seidenbach, Inc.*, 958 F.3d 341, 346–47 (5th Cir. 2020) (en banc) (explaining that Rule 54(b) "sets forth the governing framework for determining finality in a suit against multiple defendants" and that "if a party wishes to appeal [an order resolving fewer than all defendants], it must ask the district court to enter 'a final judgment as to one or more, but fewer than all, . . . parties.'" (quoting Fed. R. Civ. P. 54(b))). While specific language is not required, it must be clear that the district court had an "unmistakable intent to enter a partial final judgment under Rule 54(b)."[3] *Briargrove*, 170 F.3d at 539 (internal quotation marks and citation omitted). An "unmistakable intent" to enter such an order exists when a district court directly mentions Rule 54(b), has issued orders or memoranda discussing the substantive concerns surrounding a Rule 54(b) certification, or considers a party's motion mentioning the rule. *Cf. id.* at 539–40.

The district court did not enter a partial final judgment under Rule 54(b) here. The 2020 Order was not based upon an "express[] determin[ation] that there is no just reason for delay." Fed. R. Civ. P. 54(b). Nor did the order or its referenced documents—chiefly, the 2019 Order and Judgment—reflect an "unmistakable intent" by the district court to enter a partial final judgment under Rule 54(b). *See Briargrove*, 170 F.3d at

---

[3] In *Briargrove*, because the case concerned an appeal of a judgment that was not subsequently certified by a purported Rule 54(b) order, we stated that the unmistakable intent must come from "the order appealed from." 170 F.3d at 539. However, when a subsequent order purportedly certifies a nonfinal judgment as final, we consider whether that subsequent order reveals the district court's unmistakable intent to enter a partial final judgment. *Swope v. Columbian Chems. Co.*, 281 F.3d 185, 191 n.5 (5th Cir. 2002) (citing *Briargrove*, 170 F.3d at 539).

539. Perhaps most significantly, the district court nowhere mentioned Rule 54(b). *Cf. Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1221–22 (5th Cir. 1990) (en banc) (per curiam) (holding that the district court unmistakably intended to enter a Rule 54(b) order because the order was captioned "F.R.C.P. 54(b) JUDGMENT" and directed "that there be final judgment entered pursuant to Federal Rule of Civil Procedure 54(b)"). Further, the district court did not discuss any substantive concerns surrounding a Rule 54(b) certification in its 2020 Order. *See Briargrove*, 170 F.3d at 540 ("Before the district court can justify certifying its judgment for appeal under Rule 54(b), it must find that at least some . . . factors combine to outweigh the important concerns that underlie the 'historic federal policy against piecemeal appeals.'" (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980))). Lastly, none of the parties had filed "a motion mentioning Rule 54(b) to the district court." *Briargrove*, 170 F.3d at 539–40.

We therefore conclude that the district court's 2020 Order made its 2019 Order and Judgment nonfinal, and nothing in the 2020 Order or its referenced documents indicated the district court's "unmistakable intent" to certify the 2019 Order and Judgment as appealable under Rule 54(b). Since there is no final judgment for us to review, Jackson's appeal is premature.

Accordingly, the appeal is DISMISSED for lack of jurisdiction.