# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 23, 2021

Lyle W. Cayce
Clerk

No. 20-50279
Summary Calendar

BILAL MUHAMMAD,

*Plaintiff—Appellant*,

*versus*

RICHARD WILES; MARCO VARGAS; KEVIN LANAHAN; DELIA
GOMEZ; RICARDO SAMANIEGO; CARLOS LEON; DAVID STOUT;
CARL ROBINSON; JOANNE BERNAL; ERIC FOSS; JOHN HANNER;
ARAMARK SERVICES, INCORPORATED; ARAMARK
CORRECTIONAL SERVICES, L.L.C.; JOHN DOE 1-125; EL PASO
COUNTY; VINCENT PEREZ,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CV-367

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Bilal Muhammad, a pretrial detainee at the El Paso County Jail Annex (EPCJA), appeals the dismissal of claims raised in his pro se civil rights complaint and the denial of various postjudgment motions. Muhammad's claims stem from his allegation that the EPCJA does not provide him with an adequate kosher diet as dictated by his religious faith. He sought injunctive relief and damages based on claims arising under the First Amendment; the Eighth Amendment; the Fourteenth Amendment; the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a); and civil provisions of 18 U.S.C. § 1962, the Racketeer Influenced and Corrupt Organizations Act (RICO), § 18 U.S.C. § 1964(c). He also raised state law claims alleging violations of the Texas Religious Freedom Restoration Act (TRFRA), TEX. CIV. PRAC. & REM. CODE ANN. § 110.003; state law claims of breach of contract; and state tort claims for intentional infliction of emotional distress, conspiracy, and general breach of duty.

In its memorandum opinion and order, the district court addressed and disposed of Muhammad's claims for injunctive relief and damages under the RLUIPA and the First Amendment. On the same date that the district court entered its memorandum opinion, it entered a "final judgment" dismissing the case with prejudice based on its memorandum opinion. In the memorandum opinion, the district court did not address, much less dismiss, Muhammad's claims arising under the Fourteenth Amendment, the Eighth Amendment, the RICO statute, the TRFRA, and state tort and contract law. Furthermore, it did not address or dismiss those claims in any of the other orders denying postjudgment relief from which Muhammad took an appeal.

---

*Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50279

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Because many of the claims raised by Muhammad remain pending and unadjudicated in the district court, we lack jurisdiction over this appeal. *See* 28 U.S.C. §§ 1291, 1292(a),(b); FED. R. CIV. P. 54(b); *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010); *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 538-41 (5th Cir. 1999).

Accordingly, the appeal is DISMISSED for lack of jurisdiction. All of Muhammad's outstanding motions are DENIED.