# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2022

Lyle W. Cayce
Clerk

No. 20-50279
Summary Calendar

Bilal Muhammad,

*Plaintiff—Appellant*,

*versus*

Richard Wiles; Marco Vargas; Kevin Lanahan; Delia Gomez; Ricardo Samaniego; Carlos Leon; David Stout; Carl Robinson; Joanne Bernal; Eric Foss; John Hanner; Aramark Services, Incorporated; Aramark Correctional Services, L.L.C.; John Doe 1-125; El Paso County; Vincent Perez,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CV-367

ON PETITION FOR REHEARING

No. 20-50279

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

IT IS ORDERED that the petition for rehearing is DENIED. Our prior panel opinion, *Muhammad v. Wiles*, No. 20-50279, 2021 WL 5504760 (5th Cir. Nov. 23, 2021), is WITHDRAWN and the following opinion is SUBSTITUTED therefor.

Bilal Muhammad, a pretrial detainee at the El Paso County Jail Annex (EPCJA), appeals the dismissal of claims raised in his pro se civil rights complaint, the denial of injunctive relief, and the denial of various postjudgment motions. Muhammad's claims stem from his allegation that the EPCJA does not provide him with an adequate kosher diet as dictated by his religious faith. He sought injunctive relief and damages based on claims arising under the First Amendment; the Eighth Amendment; the Fourteenth Amendment; the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a); and civil provisions of 18 U.S.C. § 1962, the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c). He also raised state law claims alleging violations of the Texas Religious Freedom Restoration Act (TRFRA), Tex. Civ. Prac. & Rem. Code Ann. § 110.003; state law claims of breach of contract; and state tort claims for intentional infliction of emotional distress, conspiracy, and general breach of duty.

In its memorandum opinion and order, the district court addressed and disposed of Muhammad's claims for injunctive relief and damages under the RLUIPA and the First Amendment. On the same date that the district

---

*Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50279

court entered its memorandum opinion, it entered a "final judgment" dismissing the case with prejudice based on its memorandum opinion. In the memorandum opinion, the district court did not address, much less dismiss, Muhammad's claims arising under the Fourteenth Amendment, the Eighth Amendment, the RICO statute, the TRFRA, and state tort and contract law. Furthermore, it did not address or dismiss those claims in any of the other orders denying postjudgment relief from which Muhammad took an appeal.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Because many of the claims raised by Muhammad remain pending and unadjudicated in the district court, we lack jurisdiction over this appeal as it concerns Muhammad's claims for damages. *See* 28 U.S.C. §§ 1291, 1292(a), (b); FED. R. CIV. P. 54(b); *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010); *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 538-41 (5th Cir. 1999). Accordingly, we DISMISS this appeal in part for lack of jurisdiction.

Nevertheless, we retain jurisdiction over Muhammad's appeal of the district court's denial of injunctive relief. *See* 28 U.S.C. § 1292(a)(1). The district court denied injunctive relief on the grounds that, inter alia, Muhammad failed to establish a substantial likelihood of success on the merits or a threat of irreparable harm. *See Harris Cnty., Tex. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 312 (5th Cir. 1999). Specifically, the court reasoned that Muhammad failed to carry his burden of showing a likelihood of success on the merits of his RLUIPA claim, noting that the EPCJA offered a kosher menu, that Muhammad was merely complaining that the menu did not meet his personal understanding of the religious requirements for kosher meals, and that the defendants could show a compelling interest in refusing to provide a more individualized diet to Muhammad.

The district court further determined that Muhammad failed to establish a threat of irreparable harm because the EPCJA offered a kosher menu and "other food items permitted by Jewish religious laws such as fruits, vegetables, beans, and rice." The district court concluded on this basis that Muhammad had failed to clearly demonstrate that the defendants would cause him to suffer an actual injury if his request for injunctive relief was denied. It also noted that an injunction would not serve the public interest due to the deference owed to prison administrators and the court's own reluctance to order the defendants to provide Muhammad with a more particularized religious diet of kosher food since "by Muhammad's own admission Defendants already provide prisoners at the EPCJA with kosher meals." The district court determined on these facts that Muhammad had failed to show any extreme or extraordinary circumstances that required immediate intervention. We agree with the district court's reasoning and conclude that its denial of injunctive relief was not an abuse of discretion. *See Opulent life Church v. City of Holly Spring, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012). Accordingly, we AFFIRM the district court's denial of injunctive relief.

All of Muhammad's remaining outstanding motions are also DENIED.