# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2022

Lyle W. Cayce
Clerk

No. 20-30674
Summary Calendar

Princeton S. Vallo,

*Plaintiff—Appellant*,

*versus*

Steve Prator; Reginald Morris; Rufus Porter; Frizzell; Sergeant Pinesett; Sergeant Pye; Lieutenant Darby; Nurse Billy; Nurse Leone; Detective Escude; Detective Evans; Sergeant Childress; Commander Wyche; Donnie Laney; Sergeant Bedford; Englade; Crockett; Shultz; Montoya; Farris; Fredieu,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CV-1341

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30674

Princeton S. Vallo, Louisiana prisoner # 490191, appeals the district court's partial dismissal of his claims under 42 U.S.C. § 1983 for excessive force and deliberate indifference to serious medical needs, as well as the district court's denial of his motion for recusal of the magistrate judge.[1] Vallo also moves for the appointment of counsel on appeal. His remaining excessive force claim is pending in the district court.

We must examine the basis of our own jurisdiction. *Trent v. Wade*, 776 F.3d 368, 387 (5th Cir. 2015). We may hear appeals only from: (1) "final decisions under 28 U.S.C. § 1291"; (2) "interlocutory decisions under 28 U.S.C. § 1292"; (3) "nonfinal judgments certified as final"; or (4) "some other nonfinal order or judgment to which an exception applies." *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 538 (5th Cir. 1999) (internal quotation marks and footnotes omitted). Vallo's appeal does not fit into any of the first three categories: none of the orders terminate the case for purposes of § 1291, qualify as interlocutory under § 1292(a), or were certified by the district court as final. *See Briargrove*, 170 F.3d at 538; *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996); § 1292(a).

The only possible ground under which we could hear Vallo's appeal, therefore, is if it involves "some other nonfinal order or judgment to which an exception applies." *Briargrove*, 170 F.3d at 538. Under this ground, "we sometimes exercise our jurisdiction over an interlocutory appeal pursuant to the collateral order doctrine." *Marler v. Adonis Health Prods.*, 997 F.2d 1141, 1142 (5th Cir. 1993). The doctrine states "that a party can immediately

---

[1] While Vallo's notice of appeal also stated his intent to appeal the district court's denial of his motions for appointment of counsel and a temporary restraining order, his brief provides no basis for challenging the district court's resolution of those motions. Accordingly, he has abandoned them. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

No. 20-30674

appeal an order from the district court if the district court's order 1) conclusively determines the disputed issue, 2) resolves an important issue that is completely separate from the merits of the action, and 3) is effectively unreviewable on appeal from a final judgment." *Id*. at 1143. Neither of the challenged orders in this case is immediately appealable under the collateral order doctrine. *See, e.g., Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 85-86 & n.3 (5th Cir. 1992) (denial of motion for recusal); *Burge v. Par. of St. Tammany*, 187 F.3d 452, 467-68 (5th Cir. 1999).

Accordingly, the appeal is DISMISSED for lack of jurisdiction. The motion for appointment of counsel on appeal is DENIED.