# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2025

Lyle W. Cayce
Clerk

———————

No. 24-30671
Summary Calendar

———————

Billy R. Thomas,

*Plaintiff—Appellant*,

*versus*

Marcus L. Fontenot,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:23-CV-1074

———————————————————

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

We DISMISS this appeal for lack of jurisdiction. Appellant Billy R. Thomas brought this lawsuit against Judge Marcus L. Fontenot and four others. It appeared that Judge Fontenot and three of the other defendants were served. Judge Fontenot moved to dismiss the complaint. He moved only on behalf of himself; his lawyers, who described themselves as

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30671

"attorneys for Judge Marcus L. Fontenot," asked that the court only dismiss "all claims against Judge Fontenot," and did not purport to represent any other defendant. The district court granted the motion in part, dismissed all claims against Judge Fontenot with prejudice, and entered judgment accordingly. Thomas then appealed. Given contradictory statements in the record, we remanded to the district court to confirm whether proper service was made on any of the defendants other than Judge Fontenot. The district court has now confirmed that three of the four remaining defendants were indeed properly served.

Federal Rule of Civil Procedure 54 allows a district court to enter an appealable final judgment "as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*." FED. R. CIV. P. 54(b) (emphasis added). "Otherwise, any order or other decision, however designated, that adjudicates . . . the rights and liabilities of *fewer than all the parties* does *not* end the action as to *any* of the . . . parties and may be revised at any time . . . ." *Id.* (emphases added). A district court's intent to certify a judgment as appealable pursuant to Rule 54(b) must be "*unmistakable*." *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 539 (5th Cir. 1999); *see id.* at 539–41 (dismissing appeal where judgment labeled as "Final" was not unmistakably certified for appeal under Rule 54(b)).

Here, the district court dismissed only the claims against Judge Fontenot, and there is "no[] indicat[ion] [of] any intent by the district court that the order should be *immediately* appealable," let alone an unmistakable intent. *Id.* at 540. As explained above, other defendants remain in the case; thus, we lack appellate jurisdiction. *See* 28 U.S.C. § 1291; FED. R. CIV. P. 54(b). Accordingly, this appeal is DISMISSED.

2