RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 14a0148p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

RICHARD C. ADLER,

*Plaintiff,*

No. 14-5159

v.

ELK GLENN, LLC, a Kentucky Limited Liability Company,

*Defendant-Appellant,*

KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Pikeville
No. 7:12-cv-00085—Amul R. Thapar, District Judge.

Decided and Filed: July 10, 2014

Before: BOGGS, SUTTON, and WHITE, Circuit Judges.

The court delivered a PER CURIAM opinion. SUTTON, J. (pp. 4–10), delivered a separate concurring opinion.

_____

**OPINION**

_____

PER CURIAM. Elk Glenn, LLC appeals a district court's order granting summary judgment on Kentucky Farm Bureau Mutual Insurance Company's intervening complaint, relieving it of its duty to defend Elk Glenn against claims brought by the plaintiff in the underlying diversity suit for breach of contract and related claims arising from the sale of a

1

residential lot.   The clerk directed the parties to show cause why the appeal should not be dismissed because the district court did not provide sufficient reasoning supporting its certification for an immediate appeal under Federal Rule of Civil Procedure 54(b).   Kentucky Farm Bureau responds.

Kentucky Farm Bureau asserts that the district court provided sufficient reasoning in the minute entry order accompanying its order granting certification under Rule 54(b). A certification to appeal under Rule 54(b) "requires two independent findings."   *Gen. Acquisition, Inc. v. GenCorp., Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994).   The second finding requires the district court to determine that there is no just reason for delay.   *Id.*   This determination "requires the district court to balance the needs of the parties against the interests of efficient case management."   *Id.* at 1027.   To that end, we have articulated a non-exhaustive list of factors that district courts should consider when making a Rule 54(b) determination.   *See id.* at 1030 (listing the factors).   The district court's only reason supporting immediate appeal was the "real prejudice" Kentucky Farm Bureau would suffer.   This reference, without further explication, does not provide reasoning supporting the necessity of immediate review.   *See Daleure v. Commonwealth of Ky.*, 269 F.3d 540, 543 (6th Cir. 2001) (holding that the district court's mere declaration that its order was final and appealable lacked the necessary findings balancing the interests in permitting an interlocutory appeal).

Kentucky Farm Bureau notes that Rule 54(b) certification has been used to permit an appeal such as its, citing *Revco D.S., Inc. v. Gov't Emps. Ins. Co.*, 791 F. Supp. 1254, 1278 (N.D. Ohio 1991).   But in that case, the district court discussed in detail the factors supporting an interlocutory appeal.   *Id.* at 1278−79; *see also Morell v. Star Taxi*, 343 F. App'x 54, 56 (6th Cir. 2009) (noting that the "district court entered a conforming judgment . . . which included the required findings for finality under Fed. R. Civ. P. 54(b)" before considering the merits of a parties' claim that it had no duty to defend the plaintiff).   In the absence of proper certification for an interlocutory appeal under Rule 54(b), an order disposing of fewer than all claims in a civil action is not immediately appealable.   *See Gen. Acquisition, Inc.*, 23 F.3d at 1026; *Lowery v. Fed. Express Corp.*, 426 F.3d 817, 821−22 (6th Cir. 2005).

Should we conclude that the proper findings supporting jurisdiction were not made by the district court, Kentucky Farm Bureau asks that we order the district court to provide the requisite findings. But the clerk instructed the parties that good cause for permitting the appeal to proceed could be shown if a party applied for and received a proper certification from the district court under Rule 54(b). Kentucky Farm Bureau did not do so, and we will not order the district court to make the necessary findings supporting jurisdiction in light of the Bureau's inaction.

The appeal is **DISMISSED**.

---------------

**CONCURRENCE**

---------------

SUTTON, J., concurring. When a district court enters a final judgment under Civil Rule 54(b), must it explain its reasons for doing so? Our cases suggest that it must, compelling the dismissal of this appeal. I doubt, however, whether our decisions in this area have got it right.

Under 28 U.S.C. § 1291, the principal federal law governing appellate jurisdiction, a court of appeals may review only a district court's "final decisions." For the most part, a district court's decision counts as "final" only if it takes care of all claims and all parties in the case. This norm saves district courts from the hindrance of appellate interruptions in ongoing litigation, just as it saves appellate courts from the inefficiency of reviewing cases in installments. But an exception to this norm, Civil Rule 54(b), allows a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties." In this way, a district court can dispatch part of a multi-claim or multi-party case for immediate appellate review. This exception pays tribute to the reality that the benefits of immediate appeals on occasion exceed the costs.

Rule 54(b) provides that a district court may deploy this procedure "only if the court expressly determines that there is no just reason for delay." These words have two sides. First and most obviously, they allow an immediate appeal only if "there is no just reason for delay." On this score the district court must consider the needs of "sound judicial administration" and "the equities involved," and we must allow the district court's decision to stand unless it amounts to an abuse of discretion. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8–10 (1980). Second, and no less importantly, the words of Rule 54(b) allow an immediate appeal only if the district court "expressly determines" that no just reason supports delay. If the court does not make an express determination, we have no power to hear the case, no matter how obvious we find the absence of just reasons for delay. *EJS Properties LLC v. City of Toledo*, 689 F.3d 535 (6th Cir. 2012).

Does Rule 54(b) require still more?  Must a district court not just expressly *find* that there are no just reasons for delay, but also expressly *explain* why it reached this conclusion?  The question has prompted a spectrum of responses from the courts of appeals.  According to one view, a district court must explain why it has invoked Rule 54(b), and its failure to do so invalidates its certification.  *See, e.g., Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 630 (2d Cir. 1991).  According to another, a district court's failure to set out its reasoning does not wipe out the certification, but it does eliminate the deference otherwise owed to the district court's conclusion that there is no just reason for delay.  *See, e.g., Bldg. Indus. Ass'n of Superior California v. Babbitt*, 161 F.3d 740, 745 (D.C. Cir. 1998).  A third camp holds that unexplained Rule 54(b) certifications work just like explained ones; the absence of a statement of reasons neither invalidates the certification nor changes the standard of review.  *See, e.g., Ackerman v. FDIC*, 973 F.2d 1221, 1224–25 (5th Cir. 1992).  Still other cases refine these schools of thought further.

Our early cases hesitated between annulling the certification and merely withholding deference.  Some of them indeed endorsed both positions at the same time.  *See, e.g., COMPACT v. Metro. Gov. of Nashville*, 786 F.2d 227, 231 (6th Cir. 1986).  Our more recent holdings, however, have taken the less forgiving position, quashing unexplained certifications in full.  *See, e.g., Daleure v. Kentucky*, 269 F.3d 540, 543 (6th Cir. 2001); *Justice v. Pendleton Place Apartments*, 40 F.3d 139, 141 (6th Cir. 1994).

I for one doubt that we (or for that matter most of the other circuits) have interpreted Rule 54(b) correctly.  As I see it, (1) district courts have no legal obligation to write opinions to accompany their certification orders, and (2) a district court's failure to write an opinion does not authorize us to change the standard of review.

No rule of procedure requires district courts to attach explanations to their Rule 54(b) certifications.  The text of Rule 54(b) says nothing about giving reasons.  It requires only an express "determin[ation] that there is no just reason for delay."  That demands an express *conclusion*, not an express *explanation*.  *See, e.g., Oxford English Dictionary*, "determine, *v.*" ("to conclude, settle, decide, fix").

Context verifies text. The Civil Rules insist on statements of reasons when district courts issue certain types of orders. Rule 11(c)(6), for example, requires a sanctions order to "explain the basis for the sanction." Rule 50(c)(1) requires a court to "state the grounds for conditionally granting or denying [a] motion for a new trial." Rule 56(a) instructs a court "to state on the record the reasons for granting or denying [a] motion [for summary judgment]." Rule 59(d) requires a court to "specify [its] reasons" when it orders a new trial on its own initiative or on grounds not pressed by a party. Rule 65(b)(2) requires any temporary restraining order issued without notice to state both "why [the injury] is irreparable" and "why the order was issued without notice." And Rule 65(d) requires any injunction or restraining order to "state the reasons why it issued." The presence of reason-giving requirements in other rules highlights the conspicuous absence of any comparable requirement in Rule 54(b). *See Russello v. United States*, 464 U.S. 16, 23 (1983).

Confirming the impropriety of fiddling with the text of Rule 54(b), the Civil Rules use precise and calibrated requirements to control the contents of district court orders. Some orders must state their terms (orders appointing masters, Rule 53(b)(2)(E)), while others must state their terms with "specific[ity]" (injunctions and restraining orders, Rule 65(d)(1)(B)). Some orders must specify the "time and place" for carrying out the court's command (subpoenas, Rule 45(a)(1)(A)(iii)), while others must specify the "time, place, manner, [and] conditions" of doing so (orders for physical and mental examinations, Rule 35(a)(2)(B)). The rules most often do not superintend the format of orders, but in some situations require an order to state the "civil-action number" of the lawsuit (subpoenas, Rule 45(a)(1)(A)(ii)), to state the "date and hour" of issuance (temporary restraining orders issued without notice, Rule 65(b)(2)), to include a particular caption (letters of request to foreign countries, Rule 28(b)(3)), or to appear "in a separate document" (judgments, Rule 58(a)). This finely tuned, indeed fastidious, regulation of the contents of district court orders counts against the imposition of a new requirement nowhere mentioned in Rule 54(b). *See Law v. Siegel*, 134 S. Ct. 1188, 1196 (2014).

Reinforcing these points is the legal backdrop against which the Civil Rules operate. An appellate court reviews a district court's judgments, not its opinions. If the district court reaches the right result, we must in general affirm its decision, whether it gave the right reasons, the

wrong reasons, or no reasons at all.  *See McClung v. Silliman*, 6 Wheat. 598, 603 (1821). Invalidating a certification because of the inadequacy of the accompanying opinion, in the absence of direction from the relevant Civil Rules, means departing from this entrenched background principle—something we should hesitate to interpret the rules to require.

What explains the contrary cases?  Most of them observe that requiring district courts to explain why they found no just reason for delay eases appellate review of their conclusions.  *See, e.g., Stockman's Water Co. v. LLC*, 425 F.3d 1263, 1266 (10th Cir. 2005).  Some of them add, more paternalistically, that forcing district judges to show their work helps them reach the right result in the first place.  *See, e.g.*, *Harriscom*, 947 F.2d at 630.

I appreciate the advantages of requiring explanations, but they do not stand alone.  The requirement adds a new burden to district judges' already heavy workload.  It also creates new uncertainties for us to sort through.  How extensive an explanation must the district court give? Does the answer vary with the complexity of the litigation?  Does it vary with the obviousness of the arguments on either side?  These questions threaten to divert the litigants' time and money from the main event (the merits of the case) to what should be sideshows (the validity of the certification and the court's authority to reach the merits of the case).  *Cf. Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  The absence of a *requirement*, moreover, does not prevent district courts from providing explanations on their own.

I do not know whether the benefits of requiring explanations make up for the costs.  I do know that this is neither the time nor the place to do the balancing.   Federal law gives the rulemakers, not appellate judges, the responsibility to "define when a ruling of a district court is final for the purposes of appeal."  28 U.S.C. § 2072(c).  That makes rulemaking the preferred way "to define or refine" the prerequisites for pre-judgment appeals.  *Swint v. Chambers County Comm'n*, 514 U.S. 35, 48 (1995).  Not only that, the rulemaking process invites appellate judges, district judges, law professors and lawyers all to participate.  28 U.S.C. § 2073(c)(1).  The appellate decisionmaking process does not.  That makes rulemaking a more reliable vehicle than appellate decisionmaking for assessing the pros and cons of a new reason-giving requirement. Until the rulemakers act, we should demand only what the text of Rule 54(b) demands: a determination, not an explanation.

Turning to the intermediate position of some courts of appeals, no principle of law justifies changing the standard of review when the district court fails to explain why there is no just reason to delay an appeal. For starters, the Civil Rules as just shown allow district courts to issue summary Rule 54(b) certifications. It seems strange to penalize the district court (by ratcheting up the standard of review) for doing what the rules entitle them to do.

On top of that, it is well to remember that Rule 54(b) allows immediate review if the *district court* determines that there is no just reason for delay. In contrast with other provisions that make interlocutory review available at the appellate court's discretion, the rule does not give us any say in the matter. *Cf., e.g.*, 28 U.S.C. § 1292(b) (giving appellate courts discretion to hear interlocutory appeals raising controlling questions of law); Fed. R. Civ. P. 23(f) (giving appellate courts discretion to hear interlocutory appeals from grants and denials of class certification). When we stop deciding whether the record supports the district court's conclusion that there is no just reason for delay, and start deciding for ourselves whether there is no just reason for delay, we cast ourselves in a leading role even though the rules assign us a supporting part.

Changing the standard of review also makes appellate review more difficult. Far away from the facts and the daily goings-on of the case, we cannot tell with ease whether bringing a pre-judgment order here will interfere with the district court's management of the litigation or will do an injustice to one of the parties. Despite the handicap, we can still look at the record to figure out whether it supports the district court's unexplained certification, just as we look at the record in every sufficiency-of-the-evidence challenge to figure out whether it supports the jury's unexplained verdict. It is one thing for us to decide without the help of a district court opinion whether the court reached a *reasonable* result. It is quite another for us to decide without the help of a district court opinion whether it reached the *right* result. Intensifying the standard of review only makes our jobs harder.

A moveable standard of review also creates the same kinds of uncertainties as an absolute requirement that district courts explain their certifications. Litigants will litigate and appellate judges will have to judge whether each explanation includes enough detail to justify abuse-of-discretion review or enough gaps to justify fresh review. That again means everyone spends more time on the jurisdiction of the court, less on the merits of the case.

Appellate practice in analogous contexts reinforces these concerns. In setting after setting, the Supreme Court has expressly refused to withhold deference from a decision because of the absence of an accompanying statement of reasons. *See, e.g.*, *Harrington v. Richter*, 131 S. Ct. 770, 783–85 (2011) (state court adjudication reviewed on habeas corpus); *Wainwright v. Witt*, 469 U.S. 412, 431 (1985) (state court factual finding reviewed on habeas corpus); *Arizona v. Washington*, 434 U.S. 497, 516–17 (1978) (declaration of a mistrial). It has indeed instructed us to defer to all sorts of decisions that *usually* come without statements of reasons. *See, e.g.*, *Uttecht v. Brown*, 551 U.S. 1, 17 (2007) (dismissals of prospective jurors for cause); *Old Chief v. United States*, 519 U.S. 172, 174 n.1 (1997) (evidentiary rulings); *United States v. Park*, 421 U.S. 658, 675 (1975) (jury instructions); *Ungar v. Sarafite*, 376 U.S. 575, 590–91 (1964) (denials of continuances). I see no good reason to treat Rule 54(b) certifications any other way in the absence of further direction from the relevant Rules Committees.

The argument for denying deference is that the absence of an explanation prevents us from knowing whether the district court carefully considered the relevant factors before issuing the Rule 54(b) certification. *See, e.g.*, *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 61 (6th Cir. 1986). Yet district judges take the same oaths to apply the law that we do. We should not assume they have disregarded their responsibilities merely because they have not written out an explanation, especially when we too often decide motions or even whole cases without written opinions. *See Washington*, 434 U.S. at 516–17 & n.39. Judges, appellate as well as trial, have good reasons for sometimes declining to provide statements of reasons, such as "concentrat[ing] [their] resources on the cases where opinions are most needed." *Richter*, 131 S. Ct. at 784.

I do not deny the obvious. The more a district court explains why there is no just reason for delay, the better its chances of persuading the appellate court that there is no just reason for delay. Yet this reality does not change the relevant legal standard. Whether or not the district court explained its conclusion that the case justifies immediate review, the issue for the appellate court remains the reasonability of the conclusion, not the adequacy of the reasoning. *See Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997).

All in all, I do not mean to discourage district courts from explaining their Rule 54(b) certifications. Far from it. I acknowledge the invaluable help we get from a district court's

reasoning.  Helpful, however, does not mean required—at least not until the rulemakers say so. Yielding to our contrary precedents, I concur in the court's order dismissing this appeal.