# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40838

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2016

Lyle W. Cayce
Clerk

JANE DOE; ADAN JALOMO; MARIA P. JALOMO,

      Plaintiffs - Appellants

v.

CITY OF PHARR, TEXAS; PHARR POLICE DEPARTMENT; RUBEN VILLESCAS,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CV-285

Before SMITH, BARKSDALE, and COSTA, Circuit Judges.

PER CURIAM:*

This appeal is from a judgment pursuant to Federal Rule of Civil Procedure 54(b) (entry of final judgment for fewer than all claims or parties in an action), through which, after a very tortured procedural history involving several amended complaints and various related motions, the claims against three of the four defendants were dismissed under Rule 12(b)(6) (failure to

---

\* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-40838

state a claim). Proceeding, *inter alia*, pursuant to 42 U.S.C. § 1983, the claims by Jane Doe and her parents, Adan and Maria Jalomo, arise out of a police officer's allegedly sexually assaulting Jane Doe. At issue are, *inter alia*: whether appellants gave proper notice of their appeal, pursuant to Federal Rule of Appellate Procedure 3; and, if so, whether a cognizable claim was pleaded. AFFIRMED.

I.

Appellants filed this action in May 2014 against the City of Pharr, Texas; its police department; its police chief, Ruben Villescas; and Erasmo Mata, then a police officer for the city. Appellants alleged, *inter alia*: Mata, on five occasions between July and October 2013, sexually assaulted Jane Doe, then a minor; he committed these acts "during [his] working hours"; other officers "would stand watch"; and, although Mata and the other officers were terminated, "[n]othing was ever done to any of" them after an investigation was conducted.

Relying upon 42 U.S.C. §§ 1983 (civil action for deprivation of civil rights), 1985(3) (civil action for conspiracy to deprive individuals of rights or privileges), & 1986 (civil action for neglecting to prevent violations of § 1985), they maintained the city and its police department denied Jane Doe "due process, equal protection, and the privileges and immunities of citizenship". They also presented state-law claims for: negligent and intentional infliction of emotional distress; conspiracy; negligence; intimidation; fraud; and constructive fraud.

Mata, to whom the Rule 54(b) judgment does not apply, moved to dismiss on the basis of official and qualified immunity, and for failure to state a claim. But, before the court ruled, appellants filed two amended complaints on 10 June 2014. Appellees and Mata moved to dismiss the second-amended complaint.

2

No. 15-40838

On 13 August 2014, the city's and Chief Villescas' motions were granted: the intentional-tort claims were dismissed with prejudice; the §§ 1983, 1985(3), and 1986, and negligence claims, without prejudice. The relief accorded the city included its police department and its employees in their official capacities: the court considered claims made against them to be claims against the city because it was "the proper entity with capacity to sue and be sued". Order, *Jane Doe v. City of Pharr*, No. 7:14-CV-285, at 3 (S.D. Tex. 13 Aug. 2014).

In dismissing, without prejudice, the federal-law claims, the court concluded appellants' apparent assertion the city (and Chief Villescas) maintained a "policy of mishandling evidence . . . to prevent the prosecution of officers who commit crimes" did not constitute a deprivation of a constitutional right, as required to proceed under § 1983. *Id.* at 4. Additionally, it ruled the § 1985(3) claim failed to allege a race-based conspiracy; consequently, the § 1986 claim could not stand. *Id.* at 5–6.

Regarding appellants' intentional-tort claims' being dismissed with prejudice against all defendants but Mata, the court held the city was entitled to sovereign immunity provided to the State and its political subdivisions under the Texas Tort Claims Act (TTCA); likewise, because the city had moved for Chief Villescas' dismissal under the TTCA, it was granted for him. *Id.* at 6, 9. On the other hand, Mata's motion to dismiss the intentional-tort claims against him was denied because, at that point in the action, he had not shown he was entitled to dismissal under the TTCA. *Id.* at 9.

Appellants' negligence claims against the city were dismissed, without prejudice, for failure to allege: "Mata's use of [city-issued] property caused Jane Doe's injury"; and the city "knew, or had reason to know, of Mata's incompetency to use the property". *Id.* at 11.

Upon the appellants' motion, opposed by the city and Chief Villescas, the court granted leave to amend the claims against the city, but, citing futility,

3

not against Chief Villescas.  (It again considered the claims against the police department as also being against the city.)  The subsequent third-amended complaint against the city and Mata (in his official capacity) was dismissed for failure to state a claim on 19 February 2015.  Order Granting Defendants' Motion to Dismiss, *Jane Doe v. City of Pharr*, No. 7:14-CV-285 (S.D. Tex. 19 Feb. 2015).

In dismissing the third-amended complaint, the court first considered the claims against the city.  Citing its previous dismissal, it again addressed the intentional-tort claims, primarily because it had not ruled previously on the one for intimidation (which the court construed as a claim for assault). Likewise, for the negligence claims, the court held:  assuming appellants sufficiently pleaded causation, they failed to allege the city knew, or should have known, that Mata did, or would, incompetently use city-issued property; therefore, that claim was also dismissed.

For the § 1983-related claims, the court held appellants failed to assert violations of a constitutionally-protected right because:  alleging Mata was not investigated and prosecuted did not constitute such a right; and they pleaded no "facts that would allow for a reasonable inference that a City official acted with deliberate indifference" in supervision or in screening and hiring.  *Id.* at 9.  Similarly, the court concluded the § 1985(3) claim failed because, "accepting all the well-pleaded facts as true", appellants did not allege the purported conspiracy not to discipline Mata injured Jane Doe "in [her] person or property or deprived [her] of having and exercising any right or privilege of a citizen of the United States".  *Id.* at 11.  (quoting *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 n.12 (5th Cir. 2001) (interpreting § 1985(3)).  Again, because the § 1985 claim was dismissed, the § 1986 claim was also dismissed.

4

No. 15-40838

And, the court agreed with Mata that the claims against him in his official capacity were redundant of the claims against the city. Therefore, they were dismissed.

Moreover, because Jane Doe had reached majority and no allegations supported a lack of capacity, the court concluded:  Adan and Maria Jalomo, in their representative capacities, should also be dismissed for lack of standing; and they had not stated any claims in their individual capacities.

Finally, ruling appellants had not pled additional relevant facts in their third-amended complaint, and their claims having already been dismissed once, the court concluded it would be futile to allow further amendments for claims against the city and Mata in his official capacity.  On the other hand, the court ruled it would not be futile for appellants to amend any claims they wished to assert against Mata in his individual capacity.  *Id.* at 13–15.

Following dismissal of the city and Mata in his official capacity, appellants filed a motion to correct on 20 February, asserting that, at a hearing on 13 February, six days prior to the order of dismissal, the court granted them leave to amend their complaint against the city.  In denying the motion on 24 February, the court confirmed it had:  denied leave to amend claims against the city; and granted leave to amend only claims against Mata in his individual capacity.  Order*, Jane Doe v. City of Pharr*, No. 7:14-CV-285 (S.D. Tex. 24 Feb. 2015).

Appellants moved for reconsideration of the dismissal, asserting the police department's being named as defendant in several actions (none of which had been filed recently) proved it had a policy and practice of violating individuals' constitutional rights.  On 1 June 2015, that motion was also denied.  Order Denying Plaintiffs' Motion to Reconsider, *Jane Doe v. City of Pharr*, No. 7:14-CV-285 (S.D. Tex. 1 June 2015).

5

No. 15-40838

Upon the city, police department, and Chief Villescas' motion, the court entered the Rule 54(b) judgment on 9 June 2015, dismissing with prejudice the claims against the city, its police department, and Chief Villescas (collectively referred to in the judgment as "the City Defendants"). In other words, as discussed, the final judgment regarding appellants' "claims against the [three] City Defendants" did not include claims against Mata ("Plaintiffs' claims against Mata remain pending before the Court."). Final Judgment as to Claims Against The City Defendants, *Jane Doe v. City of Pharr*, No. 7:14-CV-285 (S.D. Tex. 9 June 2015).

Eight days after entry of final judgment, appellants filed the now-contested notice of appeal. Below a case caption listing as defendants the city, its police department, Chief Villescas, and Mata, the entire text of the notice reads: "NOW COMES, Plaintiffs, and files their notice of appeal in cause number 7:14-cv-00285 in reference to the Defendant, City of Pharr".

## II.

In addition to maintaining their third-amended complaint states claims sufficient to preclude the Rule 12(b)(6) dismissal, appellants present two other independent bases for vacating the dismissal: their motion to reconsider should have been granted; and, instead of entering the Rule 54(b) judgment for the three "City Defendants", the court should have permitted appellants to file a fourth-amended complaint. Besides disputing these contentions, appellees claim consideration of this appeal is precluded because the notice of appeal is fatally deficient.

## A.

The notice is challenged for failure to name: the judgment or orders from which, and some of the parties against whom, the appeal is taken. For a notice to be sufficient, the following items must be provided: "the party or parties taking the appeal . . . in the caption or body of the notice"; "the judgment, order,

or part thereof being appealed"; and "the court to which the appeal is taken". Fed. R. App. P. 3(c)(1); *see also Kinsley v. Lakeview Reg'l Med. Ctr. LLC*, 570 F.3d 586, 589 (5th Cir. 2009).  These minimum requirements exist "to ensure that the filing provides sufficient notice to other parties and the courts" of the issues on appeal.  *Smith v. Barry*, 502 U.S. 244, 248 (1992); *see also R.P. ex rel. R.P. v. Alamo Heights Indep. Sch. Dist.*, 703 F.3d 801, 808 (5th Cir. 2012). Therefore, "the notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal".  *Smith*, 502 U.S. at 248.

In that regard, notices of appeal are given liberal treatment when "the intent to appeal an unmentioned . . . ruling is apparent and there is no prejudice to the adverse party".  *R.P.*, 703 F.3d at 808; *see also Bailey v. Cain*, 609 F.3d 763, 765 (5th Cir. 2010) (notice is sufficient where "the substance of the document . . . evinces an intent to appeal").  Although the "principle of liberal construction does not . . . excuse noncompliance with [ ] Rule [3]", *Smith*, 502 U.S. at 248, "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice".  Fed. R. App. P. 3(c)(4).

Appellants' intent to appeal is clear from the title ("Notice of Appeal") and short body of the notice.  Appellees maintain it is fatally defective for failing to name the orders or judgment from which appellants appeal; and their naming only the city as appellee ("in reference to the Defendant, City of Pharr").

The first claimed deficiency is a requirement under Rule 3; the second is not; but, our court has held that, "if a party names some but not all defendants, the unnamed defendants are excluded" from the appeal.  *Williams v. Henagan*, 595 F.3d 610, 616 (5th Cir. 2010).  And, although the notice also fails to state the court to which the appeal is taken, as required under Rule 3, that error is

not fatal when, as here, "this is the only court to which [an appellant] could appeal". *United States v. Cantwell*, 470 F.3d 1087, 1089 (5th Cir. 2006).

As noted, in the notice of appeal only the city was named as a party against which the appeal is taken. Therefore, appellees contend, at minimum, the police department and Chief Villescas did not receive notice. (Moreover, based on appellants' opening brief, it was unclear whether they included Mata as an appellee. In any event, following the filing of appellees' response brief, appellants clarified in a letter to the clerk of this court that Mata is not a party to this appeal. Chief Villescas and the police department thus remained as appellees named in the briefs, but not in the notice.

Nevertheless, appellants' contentions regarding, *inter alia*, the dismissal, denial of the motion to reconsider, and entry of the Rule 54(b) judgment were presented adequately in appellants' opening brief such that the city, its police department, and Chief Villescas were able to address them in their response brief. Liberally construing the notice of appeal, as required by our precedent, to include the district court's decisions addressed in appellants' opening brief therefore does not prejudice Chief Villescas and the police department. *See, e.g.*, *Williams*, 595 F.3d at 616 ("[W]e generously interpret the scope of the appeal, and require a showing of prejudice to preclude review of issues fairly inferred from the notice and subsequent filings". (internal quotation marks omitted)).

Regardless, the district court had combined Chief Villescas and the police department with the city as the "City Defendants"; as noted, in, *inter alia*, the Rule 54(b) judgment, appellants' claims against Chief Villescas and the police department are redundant of the claims against the city; and, as discussed *infra*, they fail. In short, although deficient in several respects, the notice of appeal is sufficient.

No. 15-40838

B.

The dismissal is challenged on three independent bases.  Each fails.

1.

In contesting the denial of their motion to reconsider, in which appellants claimed the attached complaints against, and Internet news articles about, the city showed a pattern of civil-rights violations, appellants contend the court erred in concluding they did not submit "newly discovered evidence".  The denial of a motion to reconsider is reviewed for abuse of discretion.  *See, e.g., Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004).  "Under this standard of review, the district court's decision and decision-making process need only be reasonable."  *Id.*

The supporting attachments consisted of copies of complaints filed against the city from 2005, 2007, and 2010 (this action was filed in 2014), in addition to copies of Internet news articles concerning Pharr police officers from between June 2008 and February 2015.  Without determining whether the documents supported a claim against the city, the court concluded appellants had not exercised the required due diligence to discover them before the action was dismissed.  Order Denying Plaintiffs' Motion to Reconsider, at 2.  As the court noted, the only item that could be considered newly-discovered evidence was an article from February 2015, concerning the police department's failure rate on promotion exams, which would not have changed the outcome.  *See, e.g., Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 697 (5th Cir. 2003).  Therefore, under our deferential standard of review, the denial of the motion to reconsider was not an abuse of discretion.

2.

Appellants next contest the entry of final judgment, claiming that, instead, they should have been allowed to amend their complaint again—for the fourth time.  The decision to enter final judgment "is left to the sound

judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal". *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 332 (5th Cir. 2002) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).  Therefore, the decision to enter final judgment under Rule 54(b) is reviewed for abuse of discretion, *Ackerman v. F.D.I.C.*, 973 F.2d 1221, 1224 (5th Cir. 1992), as is the denial of leave to amend a complaint, *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (requiring, for denial, a "'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party").

In their opening brief, appellants contend the claimed newly-discovered evidence presented in their motion to reconsider, purportedly showing a pattern and practice of discrimination and hiring and training practices by the city and its officials that resulted in the violation of Jane Doe's constitutional rights, supports their assertion that final judgment should not have been entered.  Moreover, they maintain discovery would have illuminated the practices of the city and police officers that led to Mata's violation of Jane Doe's rights.

Appellants amended their complaint three times.  In each instance, they failed to correct its deficiencies.  The refusal to allow another amendment was not an abuse of discretion.

3.

Finally, underlying each of the appellants' assertions is their challenge to the court's dismissal of all of their claims, except those against Mata in his individual capacity.  Dismissal under Rule 12(b)(6) for failure to state a claim

is reviewed *de novo.* *E.g.*, *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 328 (5th Cir. 2003).

Appellants assert Mata committed multiple acts of sexual assault against Jane Doe, and, in response, the city "acted with deliberate indifference" and followed supervisory policies inadequate to prevent Mata's actions. Appellants therefore claim:  they "sufficiently stated claims of violation of constitutional rights"; and the city is liable for the acts of its employees. Furthermore, they allege the sexual assaults were motivated by Jane Doe's racial-minority status.  They also maintain the city had improper policies and practices of:  withholding information, tampering with evidence, conducting investigations of officers accused of misconduct, removing employees, screening new applicants, and training.  Moreover, they appear to contend the city, the police department, and its employees conspired to allow Mata to violate Jane Doe's rights.  Finally, appellants contend Chief Villescas was the policymaker for each of the alleged inadequate practices, and failed to take action after learning of Mata's alleged misconduct.

Beyond those conclusory assertions, appellants present no facts or law in support of their claims in their third-amended complaint.  Pursuant to our *de novo* review, and having considered the briefs, the pertinent parts of the record, and the applicable law, and essentially for the reasons stated in the district court's comprehensive and well-reasoned orders dated 13 August 2014, and 19 and 24 February and 1 June 2015, as well as its 9 June 2015 Rule 54(b) judgment, appellants fail to state a claim against the three defendants dismissed by the judgment:  the city, its police department, and Chief Villescas.

### III.

For the foregoing reasons, the Rule 54(b) judgment is AFFIRMED.