# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50460

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2019

Lyle W. Cayce
Clerk

DEANTE K. CLAY,

Plaintiff-Appellant

v.

CESAR GONZALES, Lieutenant, John B. Connally Unit, in his Individual
Capacity,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CV-1245

Before SOUTHWICK, HAYNES, and HO, Circuit Judges.

PER CURIAM:[*]

Deante K. Clay, Texas prisoner # 1917341, appeals the district court's
dismissal of some, but not all, of the claims set forth in his 42 U.S.C. § 1983
suit and the district court's denial of his motion to appoint counsel. He moves
for leave to proceed in forma pauperis (IFP) following the district court's
certification that the appeal was not taken in good faith, and he requests
appointment of appellate counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-50460

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Our jurisdiction is limited to appeals from "final decisions of the district courts." 28 U.S.C. § 1291. Under Federal Rule of Civil Procedure 54(b), a decision, however designated, that adjudicates fewer than all the claims may be considered on appeal only if the district court expressly determines that there is no just reason for delay and expressly directs entry of a final judgment. A district court satisfies the requirements for entering an order of final judgment under Rule 54(b) "[i]f the language in the order appealed from, either independently or together with related portions of the record referred to in the order, reflects the district court's unmistakable intent to enter a partial final judgment under Rule 54(b)." *Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220 (5th Cir. 1990) (en banc); *see also Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enter.*, 170 F.3d 536, 538-41 (5th Cir. 1999). Neither the dismissal nor anything else in the record indicates that the district court intended to issue a partial final judgment under Rule 54(b). Accordingly, this court is without jurisdiction over Clay's appeal of the district court's partial dismissal.

An interlocutory appeal may be taken from the district court's denial of appointment of counsel in a civil rights case, *Robbins v. Maggio*, 750 F.2d 405, 407 (5th Cir. 1985), and we therefore have jurisdiction over Clay's appeal of the district court's order denying his motion for appointment of counsel. To proceed IFP, Clay must demonstrate financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). In determining whether a nonfrivolous issue exists, this court's inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)

(internal quotation marks and citation omitted). "[W]here the merits are so intertwined with the certification decision as to constitute the same issue," we may deny the IFP motion and dismiss the appeal *sua sponte* if it is frivolous. *Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *see* 5TH CIR. R. 42.2.

In his motion to proceed IFP and his brief, Clay does not address the district court's reasons for denying his motion for appointment of counsel. An appellant's failure to identify any error in the district court's analysis has the same effect as a failure to appeal that issue. *Brinkmann v. Dallas County Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are afforded liberal construction, *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), arguments must be briefed to be preserved. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Clay has waived any challenge to the district court's denial of his motion to appoint counsel by failing to brief it. *See Yohey*, 985 F.2d at 224-25.

Accordingly, the appeal is DISMISSED for lack of jurisdiction in part and as frivolous in part, and the IFP motion and motion for appointment of counsel are DENIED.